Nicholson, C. J.,
delivered the opinion of the court.
This action was brought in the circuit court of Hamilton county, by M. Gully, for a personal injury received by him near Graysville, in Georgia, by the running over him of one of the trains of the Western & Atlantic Railroad Company, whereby one of his ankles was crushed, which required amputation of the leg.
Hpon the facts in proof, under the charge of Chancellor Key, the jury found' for the railroad company, and. Gully has appealed. The case turns upon the laws of Georgia as applicable to the facts. It appears that Gully was an employe of the road, engaged near Graysville, Ga., in repairing the track. About four o’clock in the evening of December 19, he quit his work and started to the depot, distant about a quarter of a mile, for the purpose of taking passage, on one of four freight trains then switched off waiting for the passenger train. When he came, within about 150 yards of the"áepot, where the switch ended, the third of the freight trains was just passing out of the switch, when G.ully signaled the train to stop, but his signal was not observed by the engineer. Gulljq however, attempted to climb into the cab, and in so doing he slipped end one of his feet went under the car and was crushed by the wheel. The train was going at the rate of six or eight miles to the hour. The place was not one at which passengers were in the habit of getting on the trains, and it was against the rules of the road for freight trains to stop for passengers at any other than a regular station.. A public road crossed the railroad track between the point where Gully was at work and the place of the accident, but Gully was not in this public road. He traveled along the railroad until he met the train. No signal posts had been up at the distance of four hundred yards from the public road, as re *385 quired by the law of Georgia, nor bad the whistle been blown more than onee after leaving the depot.
No negligence is imputed to the officers of the train, except in the failure to blow the whistle while approaching the crossing of the public road, and none in the railroad company except in the failure to have put up signal posts at the distance of 400 yards from the crossing. It was shown to be-very dangerous to attempt to get upon the train when running at the rate of even four or five miles per hour.
It is manifest that the injury received by Gully was the result of his own rash and reckless conduct in attempting to climb into the cab' when the train was running at the rate of six or eight miles an hour. It is said, however, that if this is true, still that the officers of the train were guilty of negligence in not blowing the whistle, and that the company is responsible for negligence in not having put up signal posts, and that in such case the court erred in not charging the jury that Gully was entitled to recover1 damages in proportion to the negligence attributed to him.
The court instructed the jury that the law of Georgia, which required the whistle to be blown when approaching a public road crossing, was intended to give notice to those traveling along the .public road, and, therefore, if Gully was not traveling in the road (as was clearly shown), that law had no application to the facts of the case; and, conseauently, the rule as to giving damages in proportion to the negligence of the parties had no application. We think the court placed the proper construction upon the statute of Georgia.
But by another statute of Georgia, if a person injured by a railroad is an employe of the company or road, and the damage was caused by another employe, and without fault or negligence on the part of the injured, his employ *386 ment by the company shall be no bar to the recovery. Sec. 3036, Ga. Code. In the case of Rowland v. Cannon, 35 Ga. R., Judge Lumpkin construed this section to mean that the fact that the injured party was an employe of the company would be a bar to any recovery if fault or negligence be imputable to him. The statute was so construed by Chancellor Key, and the jury were instructed accordingly. As the proof of the fault or negligence of Gully in bringing about his injury, was clear and uncontradicted, the fact that he was an employe of the company was conclusive of the case without reference to the question whether the company was guilty of negligence in the failure to put up signal posts, or whether the engineer was guilty of negligence in failing to blow the whistle when approaching the crossing, or in running the train more rapily than the rate prescribed.
There was, therefore, no error in the charge of the court, and the judgment is affirmed.